446

FERNANDO CASO, Plaintiff and Appellee, *v.* MUNICIPALITY OF VEGA BAJA, Defendant and Appellant.

No. 4407.   Argued June 24, 1929.—Decided January 22, 1930.

*L. Muñoz Morales,* for appellant.   *R. Rivera Zayas,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 21st of April, 1922, the Municipality of Vega Baja passed an ordinance subsequently approved by the Executive Council of Porto Rico contemplating, among other things, the construction of a town hall (*casa alcaldía*).

An auction was held and the successful bidder was the complainant in this case, Fernando Caso. An agreement was drawn up and it followed the general lines of such contracts in that the conditions put in force by the Department of the Interior should be followed; that the construction be under the supervision of the Commissioner of the Interior, be approved by the said officer and by a representative of the municipality (*ejecutivo municipal*). The town hall was con-

cluded, turned over by the contractor, Mr. Caso, and accepted by the municipality and by the Commissioner of the Interior in January, 1925.

The said contractor had been paid partially before he presented his final accounts. These were approved by the Commissioner of the Interior and by the Municipality of Vega Baja with the exception of certain items amounting to $3,836.25 which are the object of this appeal. The amount finally claimed by Caso, namely, $14,670.60, the difference between the amount protested and the amount alleged to be owing, was paid into court and accepted by the complainant as a partial payment.

On the 2nd of March, 1925, the Mayor of Vega Baja wrote a letter in which he protested against certain prices and certain work done by the contractor as not being included within the terms of the original contract. These objections fell under two heads: One for a work exceeding 20 per cent of the contract prices, and one for extra work not included in the said contract. In either instance the mayor maintained that the consent of the municipality had not been obtained in accordance with the terms of the contract.

The District Court of San Juan reviewed the entire facts and held in effect that the municipality by its provisional acceptance of the work in September, 1924, and the final acceptance in 1925 had waived all objections to the accounts. The appellant presented two assignments of error. The first of them is as follows:

"The court erred in the form in which it interpreted section 11 of the ordinance approved by the Municipality of Vega Baja on the 11th of April, 1922."

That section is as follows:

"That all public improvements whose cost has to be paid totally or partially from the proceeds of this loan shall be made in conformity with the plans and specifications approved by the Council of Administration of Vega Baja, Porto Rico, and by the Commissioner of the Interior. All contracts for said work shall be made in representation

and in the name of the Municipality of Vega Baja, Porto Rico, by the municipal Commissioner of Public Service, Police, and Prisons, with the approval of the Council of Administration and of the Commissioner of the Interior, who shall supervise the construction of such work.''

In its discussion of this assignment of error the appellant to a large extent takes up the question of the prices charged for certain work agreed upon for which prices the contractor did not obtain the consent of the municipality, but in no part of the brief does the appellant show us that the court erred in its interpretation of the contract. On the contrary, the court, as we have said, based its decision on a matter of waiver and did not interpret the contract between the parties. The appellant, therefore, under this assignment of error did not cover the excess prices of which the mayor had complained. We shall revert to this after disposing of the second assignment of error.

This was as follows:

"The court committed error in interpreting and applying in the form that it did section 27 of the general conditions which formed part of the contract between the complainant contractor and the defendant municipality.''

Section 27 is as follows:

"No claim shall be admitted for work not provided in the contract, unless such work has been previously ordered by the Inspector with the approval of the Commissioner of Public Service and unless an understanding has been reached by the commissioner and the contractor with regard to the prices to be paid for such additional work and such prices have been approved in due form.''

The theory of the appellant is again that the contractor did extra work but did not obtain the consent of the municipality for doing it.

The appellee counters by saying that the contractor did extra work in this connection, but that the work he did was necessarily contemplated in the contract. The specific nature of the work to be done was the inclusion of hardware fittings (*herrajes*) for doors and windows and the like. The

argument is that the parties must have contemplated that the doors and windows would need fittings, and therefore, such an idea was involved in the contract; and that the parties necessarily contemplated that the contractor should put in said hardware, and that the municipality would have objected seriously to the contractor putting in doors and windows without these accessories. We do not find that the theory of the appellee is a mistaken one, but in this regard the judgment of the court below may be maintained on the very theory on which it relied, namely, that of a waiver.

Necessarily, even if these hardware fittings should be considered as extra work not included in the contract, the municipality and its officers were bound to know that the work had been done although not included in the original contract, and when they accepted the town hall with said hardware fittings and the like included, they definitely waived any objection to the supposed extra work so done. It should be noticed, however, that the appellant again in its assignment of error does not reach the action of the court below, inasmuch as the court based its decision on the question of waiver.

Reverting now to the first assignment of error, it may be that the appellant meant thereunder to raise the question of excess prices for which the consent of the municipality was not obtained. In his discussion of the first assignment of error the appellee does not touch this point, but under the second assignment of error he says that the municipality through its mayor, only objected to certain excess prices and had accepted other work without protest. In other words, all the work was done under the supervision of the public architect, Mr. Carmoega, and his consent was obtained for every excess price, as required by section 11 of the ordinance. The only thing the contractor did not do was formally, or, we may say, technically, to obtain the consent of the municipality.

Neither in the letter of the mayor nor in the investigation and acts taken by the Commissioner of the Interior do

we find any suggestion that the said excess prices were extravagant or not to be paid. It is a clear case where the contractor ought to have been paid and the municipality ought not to have presented objection.

However this may be, we find that the municipality in the course of this work made partial payments wherein prices had been changed by the architect and also accepted other work in which the prices were raised without making any objection.

We agree with the appellant that in a general case where a municipality had accepted the work of a contractor, it would not be estopped from objecting to prices which were in excess of those agreed upon in the original contract. Here, however, all the public officials adopted a course of conduct toward this contractor whereby they are in equity and good conscience estopped from objecting to the charges made.

Sometimes, where assignments of error are not sufficiently specific, we have entered into the merits of the case and aided the appellant if his case was meritorious. In the present appeal, if we had doubt of some of the foregoing considerations, we should still feel bound to affirm the judgment of the court below, inasmuch as it was founded on a matter of waiver and no sufficient assignment of error with regard to such supposed waiver was made by the appellant.

We have not overlooked the fact that the appellee maintained in the court below and in this court that the increase in prices was covered by certain rules of the Department of the Interior. The appellant counters to this that even under these rules the consent of the municipality was necessary and, furthermore, that the rules only cover modifications and alterations and not increases in price. Perhaps in practice, increases in materials or work were considered by the parties to be in the nature of alterations and modifications, but, in any event, we have not found it necessary to base our affirmance on the ground suggested by the appellee.

The judgment appealed from will be affirmed.